UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven L. Lentz,                                                    Case No. 3:16-cv-530

            Plaintiff

            v.                                               MEMORANDUM OPINION

Cori Smith, et al.,

            Defendants

On November 27, 2017, I dismissed *pro se* Plaintiff Steven L. Lentz's § 1983 Due Process action, concluding Lentz had failed to state a protected liberty interest of which he was deprived. (Doc. No. 24). Specifically, I concluded neither Defendants' failure to provide him with an Ohio Administrative Code Section 5120-9-08(C) compliant hearing before the Rules Infraction Board, nor the sanction of ten days in isolation which resulted from the noncompliant hearing deprived Lentz of a liberty interest protected by the Due Process Clause. This is so because neither affected his sentence or imposed an "atypical and significant hardship on [Lentz] in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Lentz now moves to alter or amend my previous ruling. (Doc. Nos. 28 & 31). Defendants filed a memorandum in opposition to Lentz's motion. (Doc. No. 32).

"A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.* 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

In the motion to alter or amend, Lentz does not allege I erred in concluding Defendants' noncompliance with O.A.C. 5120-9-08 resulted in no "atypical and significant hardship" or change in his sentence. Instead, he reargues noncompliance alone constitutes a Due Process violation. But unfortunately for Lentz, that is not so under the current state of the law. As I stated in my previous opinion, following *Sandin*, mandatory language in the state regulation does not create a Due Process-protected liberty interest. (Doc. No. 24 at 6-7 (citing *Sandin*, 515 U.S. at 483-84)). Rather, it is the "nature of the deprivation" that governs. *Sandin*, 515 U.S. 482-84.

Therefore, because Lentz failed to demonstrate any circumstances which would warrant amendment or alteration, his motion must be denied. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge